IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DWAYNE FORD, #1848187 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv8 |
| JOE N. SMITH, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Dwayne Ford, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Joe N. Smith, James Wesley Trisler and Corporal Mullins. Ford's claims against Corporal Mullins have been dismissed (docket entry #29). Defendant Trisler has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(5) (docket entry #26). Ford has not filed a response.

Ford's lawsuit concerns an incident that relates to his arrest on October 7, 2012. He later pled guilty to, and was convicted of, resisting arrest (a Class A Misdemeanor) and assault of a public officer (a 3rd Degree Felony). He is presently confined due to the felony conviction. He alleges that Sgt. Trisler used excessive force while arresting him.

The lawsuit was filed on January 2, 2014. On August 20, 2014, the Clerk of Court issued summons for the various Defendants using the address provided by Ford, which was the Grayson County Justice Center, 200 South Crockett Street, Sherman, Texas 75090. Service was attempted by certified mail. The summons were delivered to Judie Barnard, who is an unrelated non-party to the suit and is not an authorized agent of Sgt. Trisler.

1

Sgt. Trisler argues that the lawsuit should be dismissed pursuant to Rule 12(b)(5), which is the proper way to challenge "the mode of delivery or the lack of delivery of the summons and complaint." § 1353 Motions to Dismiss - Insufficiency of Process and Service of Process, 5B Wright & Miller FED. PRAC. & PROC. CIV. § 1353 (3d ed.). A district court has broad discretion to dismiss a civil action for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); *see also George v. U. S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Absent proper service of process in accordance with Rule 4, a court lacks jurisdiction over a party named as a defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 97 (1987). Under Rule 4(m), a plaintiff is obligated to have a defendant properly served within 120 days after a complaint is filed. The present lawsuit has been pending for over a year, and none of the Defendants have been properly served. "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

On January 20, 2015, Ford was ordered to file a response to the motion to dismiss by January 30, 2015. He was placed on notice that the lawsuit may be dismissed if he did not timely file a response. As of today, however, a response has not been filed. Sgt. Trisler's motion to dismiss is correct in all respects. Ford has not fulfilled his burden of establishing the validity of service; thus, the motion to dismiss should be granted.

As a final matter, unserved and defaulting former officials are entitled to benefit from an appearing defendants' favorable dispositive motion. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Defendant Joe N. Smith has not been properly served in this case. The arguments provided

by Sgt. Trisler apply equally to Ford's claims against Joe. N. Smith; thus, the claims against Joe N. Smith should likewise be dismissed. It is accordingly

    **ORDERED** that Defendant James Wesley Trisler's motion to dismiss under Rule 12(b)(5) (docket entry #26) is **GRANTED**. It is further

    **ORDERED** that the complaint is **DISMISSED** without prejudice. It is finally

    **ORDERED** that all motions not previously ruled on are **DENIED**.
**SIGNED this 10th day of February, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE